# UNITED STATES DISTRICT COURT
## for the
### Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>STACY TREMAINE JOHNSON | )<br>)<br>)<br>) Case No: 7:00-CR-114-1F<br>) USM No: 19578-056 |
| Date of Original Judgment: August 6, 2001<br>Date of Previous Amended Judgment: September 18, 2009<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Slade C. Trabucco<br>  *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of [✓] the defendant [ ] the Director of the Bureau of Prisons [ ] the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
[ ]DENIED. [✓]GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of 262 months **is reduced to** 210 months

If the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a "Time Served" sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant.

*(Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment(s) dated August 6, 2001 and September 18, 2009 shall remain in effect. **IT IS SO ORDERED.**

Order Date: 4/16/12

Effective Date: _____
*(if different from order date)*

James C. Fox, Senior U.S. District Judge
*Printed name and title*

RESENTENCING REPORT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
UNITED STATES v. STACY TREMAINE JOHNSON
DOCKET NO. 7:00-CR-114-1F

| | |
|---|---|
| Defense Counsel: Slade C. Trabucco | AUSA: Robert J. Higdon, Jr. |
| Register No.: 19578-056    Age: 34 | BOP Projected Release Date: November 11, 2019 |
| Citizenship: U.S. | Detainer(s): None |

Offense(s) of Conviction: Count 2: Possession with Intent to Distribute Cocaine Base (Crack)

Statutory Provisions: 5 to 40 years imprisonment/$2,000,000 fine

Drug Quantity (final determination by court): Between 600 grams and 800 grams of cocaine base (crack)

Original Sentence Date (date of last sentence imposed):   Original Sentence (last sentence imposed):

August 6, 2001                327 months

September 18, 2009           262 months

Departure/Variance/Rule 35 (reflect any departure, variance, or Rule 35 and summarize the reason for the reduction, percentage of the reduction, and the number of months required for a comparable reduction from the new range): The defendant was originally sentenced at the top of the guideline range. A comparable sentence in the revise guideline range would be 210 months.

| Previously Determined Sentencing Range: | Reduced Sentencing Range: |
|---|---|
| Previous Total Offense Level: 34 | New Total Offense Level: 32 |
| Criminal History Category: IV | Criminal History Category: IV |
| Previous Range: 210 to 262 months | New Range 168 to 210 months |

Public Safety Considerations: While incarcerated, the defendant has received the following disciplinary infractions: fighting with another inmate on March 2, 2007, and having an unauthorized item (money) on January 19, 2003.

NOTE: The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining whether a reduction is warranted and the extent of such reduction, within the limits of 1B1.10(b). [1B1.10, Application Note 1(B)(ii)]

Post-Sentencing Conduct: The defendant has obtained a GED; satisfied his $100 special assessment; and paid $3,363.43 toward his $14,334 fine. The defendant has also completed educational courses in carpentry, beat the street, recidivism prevention, electrical principals, ABS class, basic construction, health and wellness, HIV/Aids awareness, anger management, drug education, and keys to success.

**NOTE:** The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining whether a reduction in the term of imprisonment is warranted and the extent of such reduction, within the limits of 1B1.10(b). [1B1.10, Application Note 1(B)(iii)]

Consistent with 1B1.10(b), proceedings under 18 U.S.C. § 3582(c)(2) and Policy Statement 1B1.10 do not constitute a full resentencing of the defendant. Pursuant to 1B1.10(b), the court shall substitute only the amendments listed in subsection (c), Covered Amendments, for the corresponding guideline provisions that were applied when the defendant was sentenced, and shall leave all other guideline application decisions unaffected.

The court shall not reduce the term of imprisonment to a term less than the minimum of the amended guideline range.

If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable at the time of the original sentencing, a reduction comparably less than the amended guideline range may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence (variance) pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

**Prohibition:** In no event may the reduced term of imprisonment be less than the term of imprisonment already served. [1B1.10(b)(2)(C)]

                                                Respectfully submitted,

                                                /s/Michael D. Higgins
                                                Michael D. Higgins
                                                U.S. Probation Officer

MDH:/18607

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: STACY TREMAINE JOHNSON
CASE NUMBER: 7:00-CR-114-1F
DISTRICT: Eastern District of North Carolina

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 34   Amended Total Offense Level: 32
Criminal History Category: IV   Criminal History Category: IV
Previous Guideline Range: 210 to 262 months   Amended Guideline Range: 168 to 210 months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☑ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. ADDITIONAL COMMENTS

The defendant was originally sentenced at the top of the guideline range.

UNITED STATES v. STACY TREMAINE JOHNSON

DOCKET NO. 7:00-CR-114-1F

**NOTE: The U.S. Probation Office will not take action on or respond to objections outside the application of the reduction authorized in accordance with 1B1.10.**

☒ Agree with probation's conclusion
☐ Disagree with probation's conclusion
☒ Comments

The United States agrees with the calculations made by the Probation Office. However, because the Defendant's statute falls within the reduced sentencing range, the Government respectfully asks the Court to make no change to the Defendant's sentence.

| 3/28/12 | /s/ J. Frank Bradsher |
|---|---|
| Date | Signature |

UNITED STATES v. STACY TREMAINE JOHNSON

DOCKET NO. 7:00-CR-114-1F

**NOTE: The U.S. Probation Office will not take action on or respond to objections outside the application of the reduction authorized in accordance with 1B1.10.**

☒ Agree with probation's conclusion
☐ Disagree with probation's conclusion
☐ Comments

_4/15/12_
Date

_[signature]_
Signature